UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

DESERIE D. JONES,

Plaintiff,

v.

REGENTS OF THE UNIVERSITY OF CALIFORNIA/UC SAN DIEGO HEALTH,

Defendants.

Case No.: 3:25-cv-03682-CAB-SBC

**ORDER PARTIALLY GRANTING DEFENDANT'S UNOPPOSED PARTIAL MOTION TO DISMISS**

[Doc. No. 8]

On April 13, 2026, Defendant Regents of University of California/UC San Diego Health ("UCSD Health") filed a partial motion to dismiss Plaintiff's first, fourth, fifth, and sixth claims. [Doc. No. 8.] Plaintiff Deserie Jones did not file an opposition. For the reasons set forth below, the Court **PARTIALLY GRANTS** the partial motion to dismiss.

## I. BACKGROUND

Plaintiff alleges that on February 7, 2025, Abram Arpallan, Plaintiff's coworker at UCSD Health, made an explicit sexual comment to her. [Doc. 1 at 8.] Plaintiff alleges her other coworker Roy Blue witnessed this incident and he reported it to the manager, Jon Russe. [*Id.*] Plaintiff alleges UCSD Health failed to take proper steps, such as initiating an investigation or removing Abram from work. [*Id.* at 9.] Plaintiff also alleges that after the incident she was subjected to dismissive and hurtful behaviors by her manager, John

Russe, which signaled to her that "gender based sexual harassment" would not be addressed. [*Id.* at 8–9, 12.] Plaintiff asserts this behavior discouraged her from speaking up and UCSD Health failed to protect her and take any steps to correct this. [*Id.* at 13–14.]

Lastly, Plaintiff alleges UCSD Health breached a settlement agreement reached through mediation in relation to a complaint Plaintiff filed in 2017. [*Id.* at 16.] Plaintiff alleges in the agreement that "UCSD Health committed not to retaliate against [her] for reporting discrimination or harassment." [*Id.*]

Plaintiff brings five claims pursuant to Title VII of the Civil Rights Act for: (1) Retaliation (42 U.S.C. §2000e-3); (2) Gender Discrimination (42 U.S.C. §2000e-2); (3) Hostile Work Environment (42 U.S.C. §2000e-2(a)); (4) Violation of Opposition Clause (42 U.S.C. §2000e-3(a)), and (5) Failure to Prevent Harassment, Retaliation, and Discrimination (42 U.S.C. §2000e). Plaintiff also brings the failure to Prevent Claim under California Fair Employment and Housing Act (FEHA). Her sixth claim is for breach of the 2017 settlement agreement.

## II. LEGAL STANDARD

Civil Local Rule 7.1(e)(2) requires the non-moving party to file an opposition or statement of non-opposition within fourteen calendar days of the noticed hearing. Failure to comply with these rules "may constitute a consent to the granting of a motion." Civ. L.R. 7.1(f)(3)(c). District courts have broad discretion to enact and apply local rules, including dismissal of causes of action for failure to comply with the local rules. *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (affirming grant of an unopposed motion to dismiss under local rule by deeming a pro se litigant's failure to oppose as consent to granting the motion). Before dismissing an action for failure to comply with local rules, the district court "weigh[s] several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions.'" *Id.* at 53 (quoting *Henderson v. Duncan*, 779

F.2d 1421, 1423 (9th Cir. 1986)). That Plaintiff is proceeding pro se in this action does not excuse her failure to follow the rules of procedure that govern other litigants. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.") (overruled in part on other grounds).

## III. DISCUSSION

UCSD Health has moved to dismiss Plaintiff's first, fourth, fifth and sixth claims. Plaintiff did not file a reply. UCSD Health attached proof of service that on April 13, 2026, it served the motion to dismiss by electronic mail to Plaintiff's email address provided on the face the Complaint. [Doc. No. 8-2.] The motion was noticed for hearing on May 18, 2026, meaning that Plaintiff's opposition was due by May 4, 2026. The Court therefore finds that "the public's interest in expeditious resolution of litigation," "the court's need to manage its docket," and "the risk of prejudice to the defendant[ ]" all weigh in favor of granting the partial motion to dismiss. *See Ghazali*, 46 F.3d at 53.

Notwithstanding Plaintiff's lack of opposition, the Court has independently considered the merits of UCSD Health's arguments regarding Plaintiff's failure to state a claim. *See Cristobal v. Siegel*, 26 F.3d 1488, 1495 n.4 (9th Cir. 1994) ("Although dicta in [two previous Ninth Circuit cases] suggest that failure to respond to a motion for summary judgment might justify granting the motion, it is clear that in both cases the trial and appellate courts carefully evaluated the moving papers and determined that there was no issue of material fact.")].

With respect to Plaintiff's first claim, retaliation, the Court finds that the Complaint's relevant allegations, namely "unfair scrutiny, exclusion, and unjustified negative treatment" in the weeks following her report of her co-worker's sexually explicit comment, [Doc. No. 1 at 6], are insufficient to plausibly state a claim because the allegations are conclusory. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The Court therefore **DISMISSES** Plaintiff's first claim **WITH LEAVE TO AMEND**.

As to Plaintiff's fourth claim for violation of Title VII's opposition clause, the Court finds that the Complaint's allegation that Plaintiff reported unsafe patient care, [Doc. No. 1 at 12], is insufficient to plausibly state a claim under Title VII's opposition clause because unsafe patient care is not an activity covered by Title VII, which prohibits discrimination based on an individual's race, color, religion, sex, or national origin. 42 U.S.C.A. § 2000e-2. Plaintiff's reports of unsafe patient care therefore cannot be the basis for a Title VII opposition clause claim. However, Plaintiff also alleges that she reported her co-worker's sexually inappropriate comment, which may be the basis for a Title VII opposition claim. As with Plaintiff's first claim, however, the allegations are conclusory and therefore fail to plausibly state a claim. For example, Plaintiff alleges that after she made her report, she experienced retaliation including "dismissive and minimizing comments from leadership" and "coworkers becoming hostile or excluding me." [Doc. No. 1 at 12.] The Court therefore **DISMISSES** Plaintiff's fourth claim **WITH LEAVE TO AMEND** as to the report of a sexually explicit remark and subsequent alleged retaliation.

Plaintiff's fifth claim is that UCSD Health failed to prevent harassment, discrimination, and retaliation. Failure to prevent is an element which falls under a hostile work environment cause of action and requires showing that an employer failed to prevent the creation of such environment. *See* 42 U.S.C. §2000e-2(a); *see also Brooks v. City of San Mateo*, 229 F.3d 917, 927 n.10 (9th Cir. 2000) ("*Fuller* does not establish a cause of action that is separate from that for a hostile work environment or quid pro quo harassment."); *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1095 (9th Cir. 2008) (describing elements of Title VII hostile work environment claim including employer's response or lack thereof). It is not a standalone cause of action under Title VII. *Lyons v. Alameda Health Sys.*, No. 20-CV-08088-HSG, 2021 WL 1312773, at *4 (N.D. Cal. Apr. 8, 2021) ("[T]he Court has found no authority establishing a separate cause of action under Title VII for failure to prevent harassment.") The Court thus **DISMISSES** Plaintiff's fifth claim under a Title VII theory **WITHOUT LEAVE TO AMEND** because no amendment of this

claim can create a cause of action where none exists. UCSD Health has not challenged Plaintiff's failure to prevent claim under FEHA and so it remains.

Plaintiff's sixth claim is that UCSD Health breached the 2017 settlement Plaintiff reached with UCSD Health through mediation. As part of that settlement, Plaintiff alleges that "UCSD committed not to retaliate against me for reporting discrimination or harassment in the future." [Doc. No. 1 at 16.] UCSD Health challenges this Court's jurisdiction on this issue and asserts that the claim is conclusory. [Doc. No. 8-1 at 12.] Given Plaintiff's allegations that UCSD Health violated federal law, the Court may exercise supplemental jurisdiction. 28 U.S.C. § 1367. However, the Court agrees that the Complaint's allegations are too conclusory to state a plausible claim for breach of the settlement agreement or for the Court to decide whether supplemental jurisdiction is warranted. Plaintiff does not provide a copy of the settlement agreement or otherwise allege with any specificity what each party's duties were or any other terms of the agreement. The Court thus **DISMISSES** the sixth claim **WITH LEAVE TO AMEND**.

///

///

///

## IV. CONCLUSION

For the reasons set forth above, the Court **DISMISSES** Plaintiff's first, fourth, and sixth claims **WITH LEAVE TO AMEND** and **DISMISSES** Plaintiff's fifth claim based on a Title VII theory **WITHOUT LEAVE TO AMEND.** The Court further **ORDERS** that by **October 30, 2026**, Plaintiff shall either (1) file a First Amended Complaint or (2) notify the Court of her desire to proceed with her remaining claims, namely her second and third claims for gender discrimination and hostile work environment under Title VII and her fifth claim for failure to prevent harassment under FEHA. If Plaintiff fails to notify the Court as required by this date, her complaint may be subject to dismissal for failure to prosecute.

It is **SO ORDERED**.

Dated: October 15, 2026

Hon. Cathy Ann Bencivengo
United States District Judge